**Ruby ALEXANDER, Appellant,**

v.

**CITY OF GREENVILLE, Texas and Texas Municipal Power Agency, Appellees.**

**No. 19971.**

Court of Civil Appeals of Texas, Dallas.

July 9, 1979.

Rehearing Denied Aug. 7, 1979.

Cornel Walker, Law Offices of Paul Banner, Greenville, for appellant.

Roy L. Barrett, Naman, Howell, Smith, Lee & Muldrow, Waco, Donald A. Parks, Greenville, for appellees.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

GUITTARD, Chief Justice.

Ruby Alexander is a resident of the City of Greenville and a customer of the municipal electric power system of that city. She filed this suit against the city and the Texas Municipal Power Agency to declare void a certain contract between the city and the agency for sale and delivery of electric power by the agency to the municipal system. The petition also alleges that the customers of the Greenville electric system would be illegally required to pay for private benefits obtained from public funds by citizens and property owners of Grimes County and that

defendants should be restrained from using public property for private benefits. Defendants moved for summary judgment on various grounds, including plaintiff's lack of standing to prosecute the suit and an adjudication of the validity of the contract in question by a previous judgment. The trial court rendered summary judgment that plaintiff take nothing. We hold that the court erred in rendering judgment that plaintiff take nothing, but that defendant is correct in asserting plaintiff's lack of standing. Consequently, we modify the judgment by dismissing the suit.

The summary-judgment proof shows that no tax funds are involved in the challenged activities of the city and the power agency. The petition shows that plaintiff alleges no interest peculiar to herself, as distinguished from residents of the city of Greenville and customers of its municipal power system generally. Consequently, plaintiff has no justiciable interest in the claims asserted and no standing to maintain this suit. *Marshall v. City of Lubbock*, 446 S.W.2d 740 (Tex.Civ.App.—Amarillo 1969, no writ); *Franks v. Welch*, 389 S.W.2d 142 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.); *Schenker v. City of San Antonio*, 369 S.W.2d 626 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.).

Lack of standing, however, is ground for dismissal rather than a take-nothing judgment, which is a denial of the claim on the merits. *See City of San Antonio v. Stumburg*, 70 Tex. 366, 7 S.W. 754, 756 (1888); *Sullivan v. Universal Electric Const. Co.*, 227 S.W.2d 387, 390 (Tex.Civ. App.—Austin 1950, writ ref'd n. r. e.); and *cf. Schenker v. City of San Antonio, supra,* at 630, (where trial court dismissed "with prejudice" for lack of justiciable interest, appellate court modified judgment by striking "with prejudice"). Although the court erred in this respect, we are authorized to render the judgment that the trial court should have rendered. Rule 434, Tex.R. Civ.P. Since the defendants' motions for summary judgment raise the standing question, the judgment that the trial court should have rendered was to dismiss the

suit. Accordingly, we modify the judgment by striking the provision that plaintiff "take nothing," and, instead, render judgment dismissing the suit. Costs are taxed against appellant.

Judgment modified and suit dismissed.