Stephen Scott BELL, Mary Morris Zak, Rosanne Kane Hoskins, Melanie Rae Ainsworth Nelson, and Arthur Greer Barriault, Appellants,

v.

KATY INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 01–97–01134–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 3, 1999.

Richard A. Schwartz, Houston, for Appellants.

Arthur J. Anderson, Gregory D. May, Dallas, Kelly Frels, Houston, for Appellee.

Panel consists of Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

MIRABAL, Justice.

This is a suit contesting a school district's attempted sale of land. Appellants, Stephen Scott Bell, Mary Morris Zak, Rosanne Kane Hoskins, Melanie Rae Ainsworth Nelson, and Arthur Greer Barriault, appeal the judgment of the trial court which declared the attempted sale void, but did not award attorney's fees.

## FACTS

Appellee, Katy Independent School District (the district) owned 18 acres of land adjacent to Pattison Elementary School (the property). The district, through the Board of Trustees, designated the property as surplus, advertised for bids to sell the property, and received nine requests for bid packages. Three individual bidders submitted bids for the property. Appellants did not request bid packages or submit bids for the property. Through board action, the district accepted the bid of Duke, Inc., (Duke) and entered into an earnest money contract for the sale of the land. Duke planned to construct a large apartment complex on the site.

Appellants, five homeowners in the district, filed suit to have the sale to Duke declared void, and they sought an injunc-

tion to prevent the completion of the sale. Appellants alleged the sale was void because the district failed to comply with the following provisions of the law:

(1) Tex. Educ.Code Ann. § 45.082 (Vernon 1996);

(2) Tex. Loc. Gov't Code Ann. § 272.001 (Vernon Supp.1999);

(3) Tex. Gov't Code Ann. § 551.001 (Vernon 1994) (Open Meetings Act); and

(4) Tex. Educ.Code Ann. § 11.154 (Vernon 1996).

Appellants additionally sought recovery of reasonable attorneys' fees and costs.

Following a bench trial, the trial court entered judgment on June 26, 1997, declaring:

(1) the district was required to follow the Open Meetings Act;

(2) the district did not comply with the Open Meetings Act in that its notice of the March 31, 1997 meeting of the Board of Trustees failed to provide reasonable and adequate notice of the district's proposed approval of the sale to Duke, an apartment builder that intends to build apartments on the tract;

(3) as a result of noncompliance with the Open Meetings Act, the March 31, 1997 vote to approve the contract is void, and the district's earnest money contract with Duke is void; and

(4) all relief not granted is denied.

On the same date the judgment was entered, the trial court signed the following findings of fact and conclusions of law:

(1) the district's notice of the March 31, 1997 Board meeting was inadequate, violated the Open Meetings Act, and voided the district's approval of the sale and the earnest money contract between the district and Duke;

(2) the Texas Education Code section 45.082 is not applicable to the sale in question, and the sale complies with section 11.154 of the Texas Education Code;

(3) appellants lack standing to challenge the sale under section 272.001 of the Texas Local Government Code; and

(4) all parties seek attorney's fees but, because all parties had legitimate rights to pursue in the lawsuit, the court declines to award fees to any of the parties.

Appellants filed a "motion to modify, correct or reform the judgment, or alternatively, motion for new trial on specific points" complaining, in part, about the trial court's failure to award attorneys' fees to appellants under section 551.142(b) of the Open Meetings Act. The motion was overruled by operation of law.

## STANDARD OF REVIEW

■ Declaratory judgments are reviewed under the same standards as other judgments. *City of Galveston v. Giles*, 902 S.W.2d 167, 170 (Tex.App.—Houston [1st Dist.] 1995, no writ). We must uphold the trial court's determination in a declaratory judgment action if it can be sustained upon any legal theory supported by the evidence. *Oak Hills Properties v. Saga Restaurants, Inc.*, 940 S.W.2d 243, 245 (Tex. App.—San Antonio 1997, no writ).

## SECTION 45.082, TEXAS EDUCATION CODE

In their third issue, appellants argue the trial court erred in finding section 45.082 of the Texas Education Code inapplicable to the sale of the property, and in failing to find the earnest money contract void for the district's noncompliance with the statute.

The statute provides:

SUBTITLE I. SCHOOL FINANCE AND FISCAL MANAGEMENT

CHAPTER 45.  SCHOOL DISTRICT FUNDS

SUBCHAPTER D. SALE OF SURPLUS REAL PROPERTY;

REVENUE BONDS

§ 45.082.  Sale of Property;  Revenue Bonds

(a) The board of a district *may sell real property* owned by the district *and issue revenue bonds payable from the proceeds* of the sale subject to this section.

(b) The board must determine by order that the real property is not required for the current needs of the district for educational purposes, and the proceeds from the sale are required and will be used for:

    (1) constructing or equipping school buildings in the district or purchasing necessary sites for school buildings; or

    (2) paying the principal of and interest and premium on any bonds issued pursuant to this subchapter.

TEX. EDUC.CODE ANN. § 45.082 (Vernon 1996) (emphasis added).

The trial court found section 45.082 inapplicable, and instead found that section 11.154 applied and was satisfied by the district. Section 11.154 provides:

## TITLE 2. PUBLIC EDUCATION

## SUBTITLE C. LOCAL ORGANIZATION AND GOVERNANCE

## CHAPTER 11.  SCHOOL DISTRICTS

## SUBCHAPTER D. POWERS AND DUTIES OF BOARD OF TRUSTEES OF INDEPENDENT SCHOOL DISTRICT

§ 11.154.  Sale of Property Other Than Minerals

(a) The board of trustees of an independent school district may, by resolution, authorize the sale of any property, other than minerals, held in trust for public school purposes.

(b) The president of the board of trustees shall execute a deed to the purchaser of the property reciting the resolution of the board of trustees authorizing the sale.

(c) A school district may employ, retain, contract with, or compensate a licensed real estate broker or salesperson for assistance in the acquisition or sale of real property.

TEX. EDUC.CODE ANN. § 11.154 (Vernon 1996).

Appellants argue that section 45.082 is applicable for several of reasons. First, as a specific statute addressing sale of "surplus" properties, section 45.082 should prevail over application of section 11.154, a general statute addressing sale of "any" district properties. Appellants contend that the district's sale of "surplus" property demands application of section 45.082.

Statutory construction is a question of law. *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996). We review questions of law *de novo*, without deference to the trial court's conclusions. *Id.* An appellate court reviews an act as a whole. *Bank One, Texas v. Stewart*, 967 S.W.2d 419, 438 (Tex.App.—Houston [14th Dist.] 1998, no writ). It does not give a statute meaning that conflicts with other provisions if it can reasonably harmonize the provisions. *Id.*

Considered in context of its placement by the legislature in the "School District Funds" chapter and "Sale of Surplus Real Property; Revenue Bonds" subchapter, along with the language of the statute, section 45.082 is addressing the specific situation when "a district may sell real property and issue revenue bonds payable from the proceeds of the sale." The statute applies specifically when the district is selling property *and* issuing bonds. While the section does require that the property be surplus—"not required for the current needs of the district"—it is the issuance of revenue bonds from the proceeds of the sale which invokes application of section 45.082.

Appellants further argue that section 45.082 is applicable even though the district was not issuing bonds in connection with the sale of the land. Ap-

pellants contend the word "may" in subsection (a) makes the issuance of bonds optional, and therefore the statute is applicable to the sale of the property even though no bonds were to be issued. However, appellants have taken the language out of context. The appellate court gives full effect to the statute's language, not just to one word or phrase. *Stewart*, 967 S.W.2d at 438. The word "may" appears before the clause "sell real property ... and issue revenue bonds" and indicates that the statute applies when the district is selling land *and* issuing revenue bonds.

■ Finally, appellants argue section 45.082 is applicable because a memo that was circulated among district administrators stated the property would be declared surplus and sold in accordance with section 20.922, the predecessor of section 45.082. Appellants argue the district cannot tell the public that it intends to sell the property under one statute and then sell the property under another, citing *Devorsky v. La Vega Indep. Sch. Dist.*, 635 S.W.2d 904, 907 (Tex.App.—Waco 1982, no writ). However, unlike *Devorsky*, the present case does not involve a representation to the general public; rather, the memo was circulated only among district administrators. *Devorsky* has no application.

We overrule appellants' third issue.

## SECTION 272.001, TEXAS LOCAL GOVERNMENT CODE

■ In their fourth issue, appellants assert the trial court erred (1) in holding they lacked standing under section 272.001 of the Texas Local Government Code, and (2) in failing to void the earnest money contract under that statute.

■ Section 272.001 reads in part:

Notice of Sale or Exchange of Land by Political Subdivision; Exceptions

(a) [With certain exceptions], before land owned by a political subdivision of the state may be sold or exchanged for other land, notice to the general public of the offer of the land for sale or exchange must be published in a newspaper of general circulation.... The notice must include a description of the land, including its location, and the procedure by which sealed bids to purchase the land or offers to exchange the land may be submitted. The notice must be published on two separate dates and the sale or exchange may not be made until after the 14th day after the date of the second publication.

TEX. LOC. GOV'T.CODE ANN. § 272.001(a) (Vernon Supp.1999). A purpose of section 272.001 is to protect public property in order that it might not be disposed of for less than true value. *City of Dallas v. McKasson*, 726 S.W.2d 173, 176 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). The notice and bidding requirements stimulate competition, prevent favoritism, and secure the best price for the property. *West Orange–Cove Consol. Indep. Sch. Dist. v. Smith*, 928 S.W.2d 773, 776 (Tex.App.—Beaumont 1996, no writ).

Appellants assert the legal description of the property in the published notices was defective. However, appellants do not complain that they were thereby denied an opportunity to bid on the property, or that they had any interest in buying the property.[1] Appellants do not have a particular personal interest that was harmed by the alleged defect, and therefore they lack standing to bring the asserted cause of action based on section 272.001. *See Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984); *Billy B., Inc. v. Board of Trustees of Galveston Wharves*, 717 S.W.2d 156, 158 (Tex. App.—Houston [1st Dist.] 1986, no writ) (standing consists of some interest peculiar

---

1. We note that a sign was posted on the property advertising that it was for sale for months prior to the publication of the notice in the newspaper. Further, the uncontroverted evidence shows the district received full value in the bid from Duke.

to the person individually and not as a member of the general public).

We overrule appellants' fourth issue.

## ATTORNEYS' FEES

In their first and second issues, appellants assert the trial court erred in failing to award attorneys' fees under the Open Meetings Act, which provides in relevant part:

§ 551.142.   Mandamus; Injunction

(a) An interested person, including a member of the news media, may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body.

(b) The court *may* assess costs of litigation and reasonable attorney fees incurred by a plaintiff or defendant who substantially prevails in an action under Subsection (a).  In exercising its discretion, the court shall consider whether the action was brought in good faith and whether the conduct of the governmental body had a reasonable basis in law.

TEX. GOV'T CODE ANN. § 551.142 (Vernon 1994) (emphasis added).

The language of the statute does not *entitle* the prevailing party to attorneys' fees, but merely allows the court to award them. *Spiller v. Texas Dep't of Ins.*, 949 S.W.2d 548, 552 (Tex. App.—Austin 1997, writ denied).  The decision to grant or deny attorneys' fees and costs is within the trial court's sound discretion.  *Id.; See also Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997); *Knighton v. IBM*, 856 S.W.2d 206, 210 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (interpreting "may award" language in Declaratory Judgment Act TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986) with regard to allowing imposition of attorneys' fees).  We will not reverse the trial court's ruling

regarding attorneys' fees absent a clear abuse of discretion.  *Id.*

It is clear from the record that the trial court concluded that appellants and the district each had legitimate rights to pursue and, therefore, each side should bear its own attorneys' fees.  Upon review of the record, we cannot say the trial court abused its discretion.

We overrule issues one and two.

We affirm the judgment.