Opinion issued December 2, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01103-CV




PURUSHOTTAM H. PATEL AND MANGUBEN PURUSHOTTAM PATEL,
Appellants

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 02CV0789




MEMORANDUM OPINION
          Appellants, Purushottam H. Patel and Manguben Purushottam Patel (“the
Patels”), challenge the trial court’s denial of their request for attorney’s fees and costs
in a nuisance suit brought against them by the State. In three issues, the Patels assert
that the legal basis for the trial court’s denial was erroneous.
Background
          During the period of 1999 to 2002, the City of Dickinson police made
numerous arrests for drug-related offenses and prostitution at the El Rancho Motel,
a motel owned and operated by the Patels. Within a month of the last arrest, the
Texas Attorney General’s Office filed suit against the Patels for statutory common 
and public nuisance, seeking to enjoin them from operating the motel in a manner that
allowed for these illegal activities. The State’s “common nuisance” claim was
authorized by provisions of Chapter 125, Subchapter A of the Civil Practice and
Remedies Code. Tex. Civ. Prac. & Rem. Code §§ 125.001–.004 (Vernon Supp.
2004-2005). The “public nuisance” claim was based on now-repealed provisions of
Subchapter B of that same chapter. Act of May 17, 1985, 69th Leg., R.S. ch. 959, §
1, secs. 125.021–.022 (formerly at Tex. Civ. Prac. & Rem. Code §§ 125.021–.022),
1985 Tex. Gen. Laws 3242, 3317, repealed by Act of June 1, 2003, 78th Leg., R.S.
ch. 1202, § 14, 2003 Tex. Gen. Laws 3412, 3417. 
          The Patels denied the validity of the State’s claims and requested attorney’s
fees and costs based on provisions of both the common and public nuisance statutes. 
Before the introduction of evidence at trial, the State non-suited its public nuisance
claim. The common nuisance claim was tried to a jury, which found in the Patels’
favor. Following trial, the Patels requested entry of judgment and moved for
attorney’s fees and costs. The State responded to the claims (1) by contending that
the Patels were not “prevailing parties” because the public nuisance claim had been
non-suited, (2) by asserting sovereign immunity, and (3) by disputing the amount of
fees requested. The trial court denied the Patels request for attorney’s fees and signed
a judgment that provides, in relevant part, as follows:
The Court further denies Defendants’ claims for attorney fees
under both Subchapter A and Subchapter B of Chapter 125 of the Civil
Practice and Remedies Code as no attorney fees are available to
Defendants in this case.

          The trial court’s judgment did not address the issue of costs.

Attorney’s Fees
          Both the public and common nuisance statutes at issue in this case provide that
“the court may award a prevailing party reasonable attorney’s fees in addition to
costs.” Tex. Civ. Prac. & Rem. Code § 125.003(d) (Vernon Supp. 2004-2005)
(common nuisance); Act of May 17, 1985, 69th Leg., R.S. ch. 959, § 1, sec.
125.022(g) (formerly at Tex. Civ. Prac. & Rem. Code § 125.022(g)), 1985 Tex. Gen.
Laws 3242, 3317, repealed by Act of June 1, 2003, 78th Leg., R.S. ch. 1202, § 14,
2003 Tex. Gen. Laws 3412, 3417 (public nuisance). Courts interpreting similar
statutory provisions have held that such permissive language does not require the
court to award attorney’s fees to the prevailing party but merely allows the court, in
its discretion, to award attorney’s fees. See, e.g., Bocquet v. Herring, 972 S.W.2d 19,
20 (Tex. 1998) (holding Declaratory Judgments Act’s language that trial court may
award prevailing party affords court measure of discretion in deciding whether to
award attorney fees); Bell v. Katy Indep. Sch. Dist., 994 S.W.2d 862, 867 (Tex.
App.—Houston [1st Dist.] 1999, no pet.) (interpreting language of open meetings act
that trial court may assess attorney’s fees, as allowing, but not requiring, court to
award fees). As such, the trial court’s decision whether to grant attorney’s fees and
costs will not be reversed on appeal absent a clear showing of an abuse of discretion. 
See Bocquet, 972 S.W.2d at 21. A trial court abuses its discretion when it acts
without regard to guiding legal principles or supporting evidence. See id. 
          On appeal, the Patels do not present their appellate complaint in terms of an
abuse of discretion by the trial court. Instead, in their brief, the Patels “submit that
as prevailing parties, the district court was authorized to award attorney’s fees and
costs under both Subchapter A and Subchapter B of Chapter 125 of the Civil Practice
and Remedies Code, and therefore erred in ruling otherwise.” In support of this
argument, the Patels present three appellate issues in which they contend that they
were prevailing parties with regard to both the common and public nuisance claims
and that the State is not entitled to sovereign immunity with respect to attorney’s fees
and costs. Thus, the Patels’ entire appellate argument presumes that the trial court
denied their claim on the basis that they were not prevailing parties and/or that the
State was immune from the claim.
          Despite the Patels’ contention, we do not know the basis of the trial court’s
ruling in this case. Significantly, it is the Patels’ burden to bring a record showing
that the trial court abused its discretion. See Simon v. York Crane & Rigging Co., 739
S.W.2d 793, 795 (Tex. 1987). We must presume that a trial court acted within its
discretion unless the record discloses to the contrary. Navistar Int’l Corp. v. Valles,
740 S.W.2d 4, 6 (Tex. App.—El Paso 1987, no writ). Here, the record reflects neither
findings of fact nor a request for such findings with regard to the trial court’s ruling
on attorney’s fees. At least two other appellate courts have held that, without findings
of fact establishing the basis for the trial court’s exercise of discretion, an appellate
court cannot conclude as a matter of law that the trial court abused its discretion in
declining to award attorney’s fees.


 See Marion v. Davis, 106 S.W.3d 860, 868 (Tex.
App.—Dallas 2003, pet. denied); Unified Loans, Inc. v. Pettijohn, 955 S.W.2d 649,
654-55 (Tex. App.—Austin 1997, no pet.).
          In short, the Patels fail to meet their appellate burden to demonstrate any abuse
of discretion by the trial court. As stated, the statutory language at issue does not
mandate an award of attorney’s fees or costs, even to a prevailing party; rather, such
determination is within the trial court’s discretion. See Spiller v. Tex. Dept. Of Ins.,
949 S.W.2d 548, 552 (Tex. App.—Austin 1997, writ denied) (indicating that even
party who has prevailed on open meetings act claim not necessarily entitled to
attorney’s fees claim). Without knowing the basis for the trial court’s denial, we
cannot conclude as a matter of law that the trial court abused its discretion in
declining to award attorney’s fees and costs under the nuisance statutes.


 See Marion,
106 S.W.3d at 868-69 (concluding appellant failed to meet burden of presenting
sufficient record to show that trial court abused its discretion in denying request for
attorney’s fees and costs); Pettijohn, 955 S.W.2d at 654-55 (holding no abuse of
discretion can be found on appeal for failure to award attorney’s fees when record
does not reveal basis for denial in declaratory judgment case). 
          We overrule appellants’ three issues.
Conclusion
          We affirm the judgment of the trial court.





                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.