NO. 07-07-0183-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 2, 2008

_____


TEXAS DISPOSAL SYSTEMS LANDFILL, INC.,

                                                            Appellant

v.

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY
and IESI TX LANDFILL, L.P.,

                                                            Appellees


_____

FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-05-000606; HON. LORA LIVINGSTON, PRESIDING

_____

***Opinion***

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

If pigs had wings, they could fly. All may be possible in this ever changing world, but what is probable is the theme underlying the case before us. We are asked to determine whether an entity operating a garbage disposal company in Travis County,

*i.e.* Texas Disposal Systems Landfill, Inc. (Texas Disposal), has standing to complain about an administrative decision pertaining to the operation of another garbage company, *i.e.* IESI Texas Landfill, L.P. (IESI), some 200 miles away from the area serviced by Texas Disposal. The trial court said no and granted the motions to dismiss of IESI and the Texas Commission on Environmental Quality (the Commission). We agree with the trial court.

*Background*

IESI operates a landfill that it acquired from the City of Weatherford in 2003. After acquiring the business, it sought a permit modification from the Commission. The executive director of the Commission granted the modification on October 27, 2004. Yet, Texas Disposal had a problem with the administrative procedures culminating in the director's decision. Though it operated a landfill near Austin and some 200 miles from Weatherford, it nonetheless moved to overturn the director's ruling. After a public hearing, the Commission itself issued an order on January 28, 2005, upholding the executor director's determination. Thereafter, Texas Disposal filed in Travis County seeking judicial review of the Commission's January 28 order.

The Commission and IESI, which intervened in the Travis County lawsuit, filed pleas to the jurisdiction of the trial court. They alleged, among other things, that Texas Disposal lacked standing to complain since it was not a direct competitor of IESI with respect to the Weatherford landfill. After a hearing, the trial court granted those pleas finding that Texas Disposal lacked standing. And, as previously mentioned, the trial court found their contentions correct.

*Law on Standing*

Standing, a component of subject matter jurisdiction, is essential to a court's power to hear a case. *Texas Ass'n of Business v. Texas Air Control Board,* 852 S.W.2d 440, 444-45 (Tex. 1993). As old timers say, the complainant must have a "dog in the hunt." And, if he has no such dog, then he cannot object to things occurring in the "hunt."

Next, to become a member of a "hunt" encompassing decisions of the Commission's executive director, one must be personally aggrieved or affected by the decision. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996). Those two terms are synonymous for purposes of standing and relate to the need for a complainant to show a "justiciable interest." *Hooks v. Texas Dep't of Water Resources,* 611 S.W.2d 417, 419 (Tex. 1981). And, to have such an interest, the complainant must show that a concrete, particularized, actual or imminent injury faces him due to the decision; a hypothetical or speculative injury is not enough. *DaimlerChrysler Corp. v. Inman,* No. 03-1189, 2008 Tex. LEXIS 91 at *13 (Tex. February 1, 2008) *accord, Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995) (stating that a justiciable controversy exists when there is a real and substantial conflict of tangible interests and not merely a theoretical dispute).

*Application of Law*

That the Weatherford landfill is not a direct competitor of the dump operated by Texas Disposal in Travis County is beyond question.[1] Nonetheless, Texas Disposal

---

[1]Texas Disposal does contend it is an economic competitor in the same regulated sector in which there are only approximately seven corporations that either operate or own significant landfills.

believes that it can contest the regulatory decision because the manner in which the permit was modified "potentially" jeopardizes the trust relationship that exists between it and its neighbors in Austin, and that, in turn, "potentially" interferes with the normal operations of its landfill. In other words, it "may" no longer be able to compete with other landfills if they too receive permit modifications via the procedure utilized by IESI.

As can be seen, Texas Disposal's injury is couched in terms of potentialities or events that "may" happen. All is dependent upon whether 1) some entity with a permit to operate a landfill within an area serviced by Texas Disposal, 2) attempts to modify its permit, 3) in a way that exposes Texas Disposal to economic or other loss, 4) through use of the procedures applied to the IESI permit modification.[2] At least these four, if not more, conditions must arise before there is any chance that the IESI ruling and procedure could impact Texas Disposal or its operations in or around Austin. More importantly, we are cited to neither allegation nor evidence that even begins to suggest that any of the four appear anywhere on the horizon. So, like the chance of a pig growing wings, the purported injury that may befall Texas Disposal is mere speculation, and as such, it falls short of establishing a justiciable interest and standing. Finally, without a sufficient interest of its own to assert, it cannot invoke the public's interest to fill the void. *See El Paso Community Partners v. B&G/Sunrise Joint Venture,* 24 S.W.3d 620, 625-27 (Tex. App.–Austin 2000, no pet.).

---

[2]Interestingly, at least two commissioners acknowledged at the hearing on the motion to overturn that the procedure used in addressing IESI's modification request would have no precedential value in future requests.

4

Our holding with respect to the issue of standing relieves us from having to address the other arguments of Texas Disposal. We affirm the trial court's order of dismissal.


                                    Brian Quinn
                                    Chief Justice