

# NUMBER 13-14-00167-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CITY OF MCALLEN, TEXAS AND
MIKE R. PEREZ, IN HIS OFFICIAL
CAPACITY AS CITY MANAGER,**                                        **Appellants,**

**v.**

**OTHAL E. BRAND,**                                                           **Appellee.**

---

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

This accelerated, interlocutory appeal involves a declaratory judgment case

brought by appellee Othal E. Brand in connection with an allegedly illegal land deal

between appellant the City of McAllen and Mark Freeland that paved the way for Freeland

to run for, and eventually win, a seat on the board of the Hidalgo County Water Improvement District #3 (the water district). The City and appellant Mike R. Perez, McAllen's City Manager (collectively, the City),[1] appeal the trial court's denial of their plea to the jurisdiction, in which they argued that Brand's claims are moot and challenged Brand's standing to bring the case and the trial court's jurisdiction over the particular declarations sought by Brand. We reverse and render.

## I. Background

These facts are drawn from Brand's live petition.[2] Brand sued the City in connection with a March 2012 land deal between the City and Freeland. In that deal, the City and Freeland exchanged small parcels of land[3] so that Freeland owned land within the water district and was, thus, eligible to run for a director position on the water district board. Freeland ran for and was elected as a water district director in May 2012. Brand is the president and general manager of the water district.

Before Brand filed suit, his counsel contacted the City to express concern about the validity and propriety of the land exchange. Then, on June 18, 2012, the City and Freeland returned their deeds to the original grantors. None of the deeds were ever recorded. This effectively reversed the March 2012 exchange and cancelled the land deal. Brand filed suit two days after the deeds were returned. Neither Brand nor any other party filed a contest challenging Freeland's election to the water district board.

---

[1] Brand sued Perez in his official capacity as City Manager of the City of McAllen.

[2] Brand's live petition is his first amended petition, which was filed after the City filed its plea to the jurisdiction.

[3] The parties do not dispute that each parcel in question measured approximately nine square feet.

2

In his suit, Brand challenged the validity of the March 2012 transfer of City property to Freeland and Perez's actions in effectuating the land deal. Brand alleged that having been unsuccessful in their legislative attempts to eliminate the water district and Brand's position as president and general manager, the City "began seeking methods of influencing future district actions through the election of a 'friendly' board member." Brand alleged that the land deal with Freeland was accomplished with this goal in mind— to make Freeland eligible for election to the water district, where he would allegedly serve as a director "friendly" to the City's interests.

Brand claimed in his suit that the conveyance to Freeland was made without proper notice under the local government code and without the required approval of the McAllen City Commission. Specifically, Brand sought the following declarations:

1. That the City and Perez failed to comply with local government code chapter 272 when it failed to post public notice before conveying the land to Freeland, *see* TEX. LOC. GOV'T CODE ANN. § 272.001 (West, Westlaw through 2013 3d C.S.);

2. That the City and Perez failed to comply with chapter 253 of the local government code, when it failed to sell the land through sealed bid or public auction, *see id.* § 253.008 (West, Westlaw through 2013 3d C.S.);

3. That Perez, "with intent to obtain a benefit or with intent to harm or defraud another, intentionally or knowingly violated a law relating to [his] employment

3

by misusing government property that had come into [his] custody or possession by virtue of his employment";[4] and

4. That, as a result of the foregoing, the March 2012 conveyance to Freeland was void.

Brand alleged that had the City "made public" its "interest in selling, conveying or otherwise transferring" the Property exchanged with Freeland, "he would have considered placing a bid on the Property." Brand alleged that he "continues to have an interest in purchasing" the property, and when it failed to provide the required notice, the City "deprived" Brand of the "opportunity" to buy the property. Brand also alleged that his "position as a board member and general manager of the [water district] creates an interest that is wholly unique to that of the public at large."

The City filed a plea to the jurisdiction, arguing that Brand's claims were moot, that he had no standing, and that the trial court lacked jurisdiction to issue a declaration regarding an alleged violation of the penal code. The City attached Perez's affidavit to its plea.[5] After a non-evidentiary hearing, the trial court denied the plea to the jurisdiction.

---

[4] Brand did not identify the particular provision of the penal code Perez allegedly violated, but the misconduct described mirrors the offense of abuse of official capacity. *See* TEX. PENAL CODE ANN. §39.02(a) (West, Westlaw through 2013 3d C.S.) ("A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly . . . violates a law relating to the public servant's office or employment[] or . . . misuses government property, services, personnel, or any other thing of value belonging to the government that has come into the public servant's custody or possession by virtue of the public servant's office or employment.").

[5] Perez's affidavit follows in its entirety:

My name is Mike R. Perez. I am over 18 years of age and I am competent to make this affidavit. I am the City Manager of the City of McAllen, a home rule municipal corporation chartered in the State of Texas (the "City"). On March 2, 2012, I directed the signing and delivery of a deed from the City to Mark Freeland (the "City Deed"). The property involved in the City Deed is described as 9-Square Foot (0.0002 acre), more or less. On March 20, 2012, I directed the signing and delivery of a Correction Deed for the same amount of Property (the "Correction Deed").

4

This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2013 3d C.S.).

## II. Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam); *Morris*, 129 S.W.3d at 807. When a trial court's decision concerning a plea to the jurisdiction is based on the plaintiff's pleadings, we accept as true all factual allegations in the pleadings to determine if the plaintiff has met its burden to plead facts sufficient to confer jurisdiction on the court. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Morris*, 129 S.W.3d at 807. A plea to the jurisdiction may be granted without allowing the plaintiff to amend if the pleadings

---

On March 2, 2012, Mark Freeland signed and delivered a deed from Mark Freeland to the City (the "Freeland Deed"). The deeds were exchanged but never recorded. On June 18, 2012, the City and Mark Freeland returned all the deeds to their original grantors, reversing the previous exchange. The City did not file or otherwise record the City Deed or Correction Deed with Hidalgo County.

5

affirmatively negate the existence of jurisdiction. *County of Cameron v. Brown*, 80

S.W.3d 549, 555 (Tex. 2002); *Ramirez*, 74 S.W.3d at 867.[6]

### III. Discussion

By four issues, the City challenges the trial court's denial of its plea to the

jurisdiction. Because its second and fourth issues are dispositive of the appeal, we

address those in turn. *See* TEX. R. APP. P. 47.1.

### A. Standing

By its second issue, the City argues that Brand lacked standing to complain of the

land deal. We agree.

> In general, taxpayers do not have a right to bring suit to contest
> government decision-making because . . . "[g]overnments cannot operate if
> every citizen who concludes that a public official has abused his discretion
> is granted the right to come into court and bring such official's public acts
> under judicial review." Unless standing is conferred by statute, taxpayers
> must show as a rule that they have suffered a particularized injury distinct
> from that suffered by the general public in order to have standing to
> challenge a government action or assert a public right.

*Bland Indep. Sch. Dist.*, 34 S.W.3d at 555–56 (quoting *Osborne v. Keith*, 177 S.W.2d 198,

200 (1944); citing *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984); *Scott v. Bd. of*

*Adjustment*, 405 S.W.2d 55, 56 (Tex. 1966)). "'[W]here the sole object of a suit is for the

benefit of the public at large and where no citizen is to be affected differently from all other

citizens by the result of such suit, only a public officer authorized under the Constitution

---

[6] If a plea to the jurisdiction challenges the existence of jurisdictional facts, we also consider relevant evidence submitted by the parties. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citations omitted). Here, the City submitted Perez's affidavit with its plea, but the affidavit contains no disputed facts. Thus, we will review the trial court's decision on the plea in the context of the pleadings alone. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

and laws of this state to protect public rights and interest can properly maintain such a suit.'" *Scott v. Harris Methodist HEB*, 871 S.W.2d 548, 550 (Tex. App.—Fort Worth 1994, no writ) (quoting *Adkins v. Rawls*, 182 S.W.2d 509, 512 (Tex. Civ. App.—Waco 1944, no writ)); *see Dickson v. Strickland*, 265 S.W. 1012, 1019 (Tex. 1924).

Here, Brand had no greater interest in the land deal between Freeland and the City than the general public. The notice and bidding procedures prescribed by chapters 253 and 272 of the local government code were enacted to ensure that public lands are disposed of in a manner "that will fully protect the citizenry." *City of Dallas v. McKasson*, 726 S.W.2d 173, 176–77 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (holding that the predecessor statute to the current notice and bidding statutes existed to protect the general public's interest in government land not being disposed of for less than true value and without prior knowledge by the citizens) (citations omitted); *see Bell v. Katy Indep. Sch. Dist.*, 994 S.W.2d 862, 866 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("A purpose of section 272.001 is to protect public property in order that it might not be disposed of for less than true value."). Brand's complaint in this appeal is no more than a complaint by a citizen that the City did not utilize the proper procedures under the local government code. Brand alleges no particularized injury distinct from the general public and, therefore, has no standing to challenge the City's actions in this regard. *See, e.g., Parker v. City of San Antonio*, 609 S.W.2d 877, 879 (Tex. Civ. App.—San Antonio 1980, no writ) (determining that a taxpayer had no standing to have a leasing scheme declared illegal or void when he did not allege an injury or damage other than that of a member of the general public); *Alexander v. City of Greenville*, 585 S.W.2d 333, 334 (Tex. Civ.

App.—Dallas 1979, writ ref'd n.r.e.) (setting out that a city resident who "alleges no interest peculiar to herself" had no standing to maintain a suit to declare a contract between the city and the agency for sale and delivery of electric power by the agency to the municipal system void); *First Nat'l Bank of Bellaire v. Prudential Ins. Co. of Am.*, 551 S.W.2d 112, 114–16 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) (concluding that taxpayers who had no private interest in the subject-matter did not have standing to bring suit for the recovery of money or for a declaration that a sale was void and the cancellation of a deed).

In his first amended petition, filed after the City filed its plea to the jurisdiction, Brand alleged that he "would have considered placing a bid" on the property the City exchanged with Freeland if the City had "made public" its "interest in selling, conveying or otherwise transferring" the property. We do not believe this speculative interest is sufficient to confer standing. For a plaintiff to have a "justiciable interest" in a controversy—to "show that a concrete, particularized, actual or imminent injury faces him due to the decision"—a hypothetical or speculative injury is not sufficient. *Tex. Disposal Sys. Landfill, Inc. v. Tex. Comm'n on Envtl. Quality*, 259 S.W.3d 361, 363 (Tex. App.—Amarillo 2008, no pet.) (citing *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)); *see El Paso Cmty. Partners v. B&G/Sunrise Joint Venture*, 24 S.W.3d 620, 625–26 (Tex. App.—Austin 2000, no pet.) (holding that a qualified but unsuccessful bidder had no interest distinct from that of the general public in challenging the terms of the winning bidder's contract where the unsuccessful bidder's claim was that "it ha[d] a particular interest

[because] . . . it was injured by 'the loss of the right to have an opportunity to obtain the property'"); *see also Cassidy v. TeamHealth, Inc.*, No. 01-08-00324-CV, 2009 WL 2231217, at *3 (Tex. App.—Houston [1st Dist.] July 23, 2009, pet. denied) (mem. op.) ("Generally, Texas courts presume that a non-contracting, third party has no justiciable interest in a contract.") (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007); *El Paso Cmty. Partners*, 24 S.W.3d at 626; *Imco Oil & Gas v. Mitchell Energy Corp.*, 911 S.W.2d 916, 920 (Tex. App.—Fort Worth 1995, no writ)). That Brand "would have considered" bidding on the property at issue here is a purely speculative injury. We cannot conclude that this allegation establishes an interest distinct from that of the general public. Indeed, if the sale of property had been properly noticed and put up for auction, the general public would have had the same right as Brand to consider placing bids.[7]

Likewise, we are not persuaded that Brand's status as general manager of the water district and member of the water district's board of directors confers standing. Brand sued the City in his individual capacity, not on behalf of the water district. Brand's status as a board member and the general manager would be relevant to standing only if he was involved in the suit in his official capacity. *See* TEX. WATER CODE ANN. § 49.066(a), (c) (West, Westlaw through 2013 3d C.S.) (providing that "[a water] district

---

[7] We note that in *Bell v. Katy Independent School District*, the court of appeals stated that the appellants had no standing under chapter 272 of the local government code where "appellants did not complain that they were thereby denied an opportunity to bid on the property, or that they had any interest in buying the property." 994 S.W.2d 862, 866 (Tex. App.—Houston [1st Dist.] 1999, no pet.). To the extent the Houston court is suggesting that a mere expression of possible interest in the subject property would have been sufficient to confer standing on the appellants in *Bell*, we disagree. Like Brand's allegation, such an interest would have been purely hypothetical and speculative. *See Tex. Disposal Sys. Landfill, Inc. v. Tex. Comm'n on Envtl. Quality*, 259 S.W.3d 361, 363 (Tex. App.—Amarillo 2008, no pet.) (citing *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)).

may sue and be sued in the courts of this state in the name of the district by and through its board" and that "[t]he president or the general manager of any district shall be the agent of the district on whom process, notice, or demand required or permitted by law to be served upon the district may be served"). But because he sued as a private citizen, Brand's employment does not create any particularized interest in the land deal that he would not otherwise have as a private citizen.

We conclude that Brand failed to allege facts showing a particularized interest in the land deal between the City and Freeland, and therefore, he had no standing to seek his first, second, and fourth declarations regarding that land deal. The City's second issue is sustained.

## B. Penal Code Violation

By its fourth issue, the City argues that the trial court does not have jurisdiction to issue Brand's third sought declaration, that Perez committed the criminal offense of abuse of official capacity.[8] *See* TEX. PENAL CODE ANN. §39.02(a) (West, Westlaw through 2013 3d C.S.). Again, we agree.

A court exercising its civil jurisdiction has no jurisdiction to render declarations regarding "rights, status or other legal relationships arising under a penal statute." *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994); *see also City of Combine v. Robinson*, No. 05-10-01384-CV, 2011 WL 3570510, at *3 (Tex. App.—Dallas Aug. 16, 2011, no pet.) (mem. op.) (holding that the trial court "did not have jurisdiction over [the] request for a declaration that appellants violated these penal statutes"); *cf. Scott*, 871 S.W.2d at 551

---

[8] *See supra* note 4.

("The duty to enforce the Penal Code is placed with the county district attorney."). Here, the third declaration sought by Brand clearly asks the trial court to determine whether Perez committed a violation of the penal code. The trial court has no jurisdiction to do so. We sustain the City's fourth issue.

## IV. Conclusion

Having concluded that Brand failed to allege facts sufficient to show that he has standing to complain of the land deal, *see Bland Indep. Sch. Dist.*, 34 S.W.3d at 553 ("Standing is a prerequisite to subject-matter jurisdiction . . . ."), and that the trial court does not have jurisdiction to enter a declaration regarding an alleged violation of the penal code, we hold that the trial court erred in denying the City's plea to the jurisdiction. Because the pleadings affirmatively negate jurisdiction, we reverse the order of the trial court denying the plea to the jurisdiction and render judgment granting the City's plea and dismissing Brand's claims with prejudice. *See Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
2nd day of April, 2015.

11