Richard J. WATSON, Appellant,

v.

ROBERTSON COUNTY APPRAISAL REVIEW BOARD, Appellee.

No. 10–90–022–CV.

Court of Appeals of Texas, Waco.

Aug. 16, 1990.

Eric Samuelson, Austin, for appellant.

Robert A. Mott, Perdue, Brandon & Fielder, Houston, Jimmie McCullough, County and Dist. Atty., Franklin, for appellee.

HALL, Justice.

On June 12, 1989, appellant Richard J. Watson filed his written notice of protest with the Appraisal Review Board of the Robertson County Appraisal District complaining about the valuation of real property owned by him for taxation purposes for the year 1989. The written protest was on a form supplied by the appraisal district. "Step 3" on the form was entitled "Check reasons for your protest." It provided ten reasons to be checked for the protest, including "value is over market value" and "value is unequal compared with other properties." The only reason marked by appellant on the protest form was "value is over market value." He did not complain about unequal valuation. The protest was heard by the Appraisal Review Board on July 11, 1989. On that day, the Board issued its "Order Determining Protest" which showed that the Board's decision was to lower both the land value and the improvement value of appellant's property for tax purposes. A copy of the order was mailed to appellant by certified mail in accordance with the provisions of V.T.C.A., Tax Code § 41.47. On that same day, the Appraisal Review Board issued its order approving the appraisal records for the Robertson County Appraisal District for the year 1989, in compliance with Tax Code § 41.12.

Also on July 11, 1989, appellant delivered a letter, stating as its subject "Request for Inquiry 1989 Tax Roll," to the Appraisal Review Board. The letter purported to be a challenge of the taxable value placed on The Texas–New Mexico Power Plant Project located in Robertson County on the ground that the property was undervalued. The appellate record does not reflect whether this letter was delivered before or after approval of the appraisal records by the Appraisal Review Board. Neither does the record reflect any action taken on this document by anyone.

On August 14, 1989, appellant filed in the district court his original application for writ of mandamus against the Appraisal Review Board. Appellant did not complain in the action about the order determining the protest of the value on his property that was issued by the Board. Rather, he sought a writ of mandamus ordering the Appraisal Review Board to respond to Relator's "complaint" in his "Request for Inquiry," to review the 1989 appraised value for taxation of The Texas–New Mexico Power Plant Project, and "to perform its duty of review to ensure that property taxation is 'equal and uniform' in Robertson County" by reviewing the 1989 appraised taxable value of The Texas–New Mexico Power Plant Project. After a hearing, appellant's application for writ of mandamus was dismissed by the trial court. This appeal resulted.

■ The essence of appellant's complaint in the trial court, and here, seems to be that he individually is required to pay more taxes than he should pay because his property has been valued at market value for taxation and the property of The Texas–New Mexico Power Plant Project has been valued at less than market value for taxation. If this is not appellant's complaint, then he lacks standing to complain of the taxable value of the property of the other taxpayer. *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 417 (1954). If this is appellant's complaint, then he is not entitled to the relief he seeks by mandamus in the trial court because he failed to exhaust his statutory remedies before the Appraisal Review Board regarding the unequal appraisal of his property and then appeal any unfavorable ruling of the Appraisal Review Board to the district court.

The Legislature has provided in the Tax Code specific and broad remedies for a taxpayer to protest and gain relief from the underappraisal of the property of others that unfavorably affect his tax burden. Section 41.41(2) gives the property owner the right to protest the "unequal appraisal" of his property before the Appraisal Review Board. Other sections provide the method for testing a protest of unequal appraisal before the Appraisal Review Board, for the right and method of appeal from the Board's ruling, and for the remedy in the district court for unequal appraisal:

§ 41.43. Protest of Inequality of Appraisal.

A protest on the ground of unequal appraisal of property shall be determined in favor of the protesting party if the protesting party establishes that the appraisal ratio of the property is greater than the median level of appraisal of:

(1) a reasonable and representative sample of other properties in the appraisal district; or

(2) a sample of properties in the appraisal district consisting of a reasonable number of other properties similarly situated to, or of the same general kind or character as, the property subject to the protest.

§ 42.21. Petition for Review.

(a) A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had. Failure to timely file a petition bars any appeal under this chapter.

§ 42.23. Scope of Review.

(a) Review is by trial de novo. The district court shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally.

§ 42.24 Action by Court.

In determining an appeal, the district court may:

(1) fix the appraised value of property in accordance with the requirements of law if the appraised value is at issue;

(2) enter the orders necessary to ensure equal treatment under the law for the appealing property owner if inequality in the appraisal of his property is at issue; or

(3) enter other orders necessary to preserve rights protected by and impose duties required by the law.

§ 42.26 Remedy for Unequal Appraisal.

(a) The district court shall grant relief on the ground that a property is appraised unequally if the appraisal ratio of the property exceeds by at least 10 percent the median level of appraisal of:

(1) a reasonable and representative sample of other properties in the appraisal district; or

(2) a sample of properties in the appraisal district consisting of a reasonable number of other properties similarly situated to, or of the same general kind or character as, the property subject to the appeal.

(b) If a property owner is entitled to relief under Subsection (a)(1), the court shall order the property's appraised value changed to the value as calculated on the basis of the median level of appraisal according to Subsection (a)(1). If a property owner is entitled to relief under Subsection (a)(2), the court shall order

the property's appraised value changed to the value calculated on the basis of the median level of appraisal according to Subsection (a)(2). If a property owner is entitled to relief under both Subsection (a)(1) and Subsection (a)(2), the court shall order the property's appraised value changed to the value calculated on the basis of the median level of appraisal that results in the lower appraised value. The court shall determine each applicable median level of appraisal according to law, and is not required to adopt the median level of appraisal proposed by a party to the appeal. The court may not limit or deny relief to the property owner entitled to relief under a subdivision of Subsection (a) because the appraised value determined according to the other subdivision of Subsection (a) results in a higher appraised value.

Thus, the Tax Code contains specific remedies for addressing in the taxing districts and in the courts the effect of the underappraisal of the property of another upon a complaining taxpayer's tax burden. If appellant had timely protested before the Appraisal Review Board the alleged inequality of appraisal that he now asserts, and if he had presented a timely appeal from the ruling of the Appraisal Review Board, he could have presented his evidence in the district court regarding the alleged underappraisal of the other property as a part of his appeal.

■ The remedies provided for appellant in the Tax Code against taxation of his property that was not equal and uniform were effective and complete. But appellant did not make a timely and proper protest of unequal appraisal before the Appraisal Review Board, and he did not make or attempt a timely appeal to the district court. Where a party fails to pursue remedies provided by law that will provide full relief to which he may be entitled, he will not be aided by issuance of a writ of mandamus. *Manion v. Lockhart*, 131 Tex. 175, 114 S.W.2d 216, 219 (1938); *Gonzales v. Stevens*, 427 S.W.2d 694, 702 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n.r. e.).

Appellant argues that the Tax Code limits a property owner to comparing the value of his property only to the values of other similar properties for relief against unequal appraisal. But sections 41.43 and 42.26 entitle a property owner asserting unequal appraisal of his property to compare the value placed on his property by the taxing district to the values placed on "a reasonable and representative sample of other properties in the appraisal district," not just on similar properties.

■ Appellant further contends that his failure to exhaust his administrative remedies was irrelevant because he was exercising a well-established common law right to complain about the property values of others under the constitutional mandate that taxation shall be equal and uniform. Vernon's Ann.Tex. Const. Art. 8, § 1. Plainly, the legislative intent in the enactment of the Tax Code was to repeal all common law remedies and replace them with specific statutory remedies for providing equal and uniform taxation, with appeal to the courts by trial de novo. Section 42.09(a) expressly provides that the procedures set forth in the Code for adjudication of the grounds of protest authorized by the Code are exclusive (with two exceptions dealing with ownership and taxable situs of the property), and that the property owner "may not raise any of these grounds: (1) in defense to a suit to enforce collection of delinquent taxes; or (2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid."

Equitable remedies were developed by the courts prior to the adoption of the Tax Code to provide taxpayers with due process protection against excessive and unlawful valuations because the statutory schemes for property tax assessments did not provide adequate remedies for relief. *City of Waco v. Conlee Seed Co.*, 449 S.W.2d 29, 31 (Tex.1968); *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 417 (1954). The administrative procedures in the Tax Code with appeal de novo to the district court provide the due process protection for the taxpayer that were lacking

under prior statutory procedures for property tax assessments. The courts have regularly held that failure to follow Tax Code procedures will result in loss of the right to challenge the administrative decision in district court. *Brooks v. Bachus,* 661 S.W.2d 288, 290 (Tex.App.—Eastland 1983, writ ref'd n.r.e.); *Dallas County Appraisal District v. Lal,* 701 S.W.2d 44, 46 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Rockdale Independent School District v. Thorndale Independent School District,* 681 S.W.2d 225, 227 (Tex.App.—Austin 1984, writ ref'd n.r.e.); *Poly–America v. Dallas County Appraisal District,* 704 S.W.2d 936, 937 (Tex.App.—Waco 1986).

Appellant's points and contentions are overruled.

Since appellant was not entitled to relief by the issuance of a writ of mandamus, his petition for the writ should have been denied. Accordingly, we correct the judgment of the trial court to show that appellant's petition for writ for mandamus was denied rather than dismissed. Rule 80(b)(2), Tex.Rules App.Proc. As corrected, the judgment of the trial court is affirmed.