**T. Lane SCOTT, Appellant,**

v.

**HARRIS METHODIST HEB and Tarrant Appraisal District, Texas, Appellees.**

No. 2–93–150–CV.

Court of Appeals of Texas,
Fort Worth.

March 9, 1994.

Patricia K. White, Fort Worth, for appellant.

Cheryl E. Diaz, Thompson & Knight, Dallas, Catherine Jane Alder, Catherine Jane Alder, P.C., Fort Worth, for appellees.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, T. Lane Scott, appeals from a trial court order dismissing the case for want of subject matter jurisdiction. In three points of error, Scott asserts that the trial court erred in granting appellees' plea to the jurisdiction, if it granted dismissal because: (1) appellant has failed to exhaust his administrative remedies since the code makes no such provision; (2) appellant has not suffered a distinct injury since appellant's injury is specific and distinct; and (3) the code makes no provision to challenge appellees' tax exemption status.

We affirm.

Dr. T. Lane Scott, a private property owner, filed this action on October 26, 1992 complaining of Harris Methodist HEB Hospital ("Hospital") and Tarrant County Appraisal District ("District"), and others who were subsequently released from the suit. Scott alleges that he sustained damages in the past and will continue to sustain damages in the future if the Hospital is allowed by the District to continue paying taxes at a non-profit, tax exempt rate, because Scott's taxes are higher due to the lack of taxes paid by the Hospital. Scott claims that the Hospital does not qualify for a non-profit, tax-exempt status, but the District continues to tax the Hospital at that rate and does nothing to review its status. He alleges that the Hospital secured the exemption through numerous criminal acts, including filing false documents with the Secretary of State and the District. These alleged criminal acts and the failure of the District to investigate and remedy them are the alleged causes of the harm that Scott claims to have suffered. Scott bases his standing in this case on his status as a taxpayer to the City of Bedford and to the Hurst–Euless–Bedford Independent School District. A hearing was held on May 20, 1993 to consider the appellees' plea to the jurisdiction and plea in abatement. The trial court granted appellees' plea and dismissed the case, stating that it involved questions of law which could be more appropriately addressed by this court. However, the trial court did not specifically state its grounds for granting the plea to the jurisdiction.

In his first point of error, Scott asserts "the court erred in granting appellees['] plea to the jurisdiction if it granted dismissal on the ground the court lacks subject matter jurisdiction based on [Scott's] lack of standing because [Scott] has failed to exhaust his administrative remedies since the code makes no such provision." Under the tax code, a taxing unit is entitled to challenge before the appraisal review board an exclusion of property from the appraisal records. TEX.TAX CODE ANN. § 41.03(2) (Vernon 1992). The taxing unit also may appeal the determination of the appraisal review board on a taxing unit challenge. TEX.TAX CODE ANN. § 42.031 (Vernon 1992). Property owners may protest before the appraisal review board actions that apply to and adversely

affect the property owner, including unequal appraisals, denial of exclusions, and the determination of appraised value. TEX.TAX CODE ANN. § 41.41 (Vernon 1992). The property owner also may appeal the determination of the appraisal review board on a protest by a property owner. TEX.TAX CODE ANN. § 42.01 (Vernon 1992). Nowhere in the tax code is there a provision for an individual taxpayer to challenge the grant of an exclusion on another's property in the courts. Thus, the tax code does not give Scott a direct administrative remedy, or statutory standing, to challenge the exemption granted to the Hospital. Scott, the Hospital and the District all concede this much in their briefs. Instead, Scott argues that the failure to pursue a statutory remedy should not bar a common law remedy, if one is available. We agree that there is no administrative remedy available to Scott under the tax code. Point of error one is overruled.

Turning his attention to common law remedies, Scott argues in his second point of error that "the court erred in granting appellees['] plea to the jurisdiction if it granted dismissal on the ground [Scott] lacks standing because [Scott] has not suffered a distinct injury since [his] injury is specific and distinct." We disagree. A private citizen who seeks to assert a public right lacks standing to assert that right unless he can establish that he has been injured in a manner distinct from others. *Precision Sheet Metal Mfg. Co. v. Yates,* 794 S.W.2d 545, 552 (Tex.App.—Dallas 1990, writ denied); *Austin Neighborhoods Council, Inc. v. Board of Adjustment,* 644 S.W.2d 560, 563 (Tex.App.—Austin 1982, writ ref'd n.r.e.); *Tri–County Citizens Rights Org. v. Johnson,* 498 S.W.2d 227, 228–29 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.); *Marshall v. City of Lubbock,* 446 S.W.2d 740, 741 (Tex.Civ.App.—Amarillo 1969, no writ). Here, Scott seeks an injunction commanding the Appraisal District to revoke the Hospital's tax exemption. Scott seeks redress merely for an alleged increase in his tax burden, by complaining that the taxes he paid in unspecified years are higher than they otherwise would have been had the Hospital not been granted an exemption. He does not allege an injury to himself distinct from the taxpaying public-at-large, other

than to suggest that because the amount of his tax bill is different from others, the increase in taxes will be different and suitably distinct. Because the injury about which Scott complains is shared in like fashion by all taxpayers, we hold that Scott lacks standing to assert the claim. Point of error two is overruled.

In his third point of error, Scott asserts that "the court erred in granting appellees['] plea to the jurisdiction if it granted dismissal on the ground [Scott] lacks standing to challenge appellees['] tax exemption status merely because the code makes no provision." Scott's argument is that because the tax code makes no provision for a private taxpayer to challenge the exemption of another taxpayer, the common law must provide him a remedy. We disagree. Only the taxing unit is entitled to raise such a challenge before the appraisal review board and then appeal that determination to the courts. The remedies and procedures prescribed by the code for adjudication of the grounds of protest authorized by the code are exclusive. TEX.TAX CODE ANN. § 42.09 (Vernon 1992); *Watson v. Robertson County Appraisal Review Board,* 795 S.W.2d 307, 310 (Tex.App.—Waco 1990, no writ). Where the legislature has enacted a statutory scheme that expands the rights that existed under the common law, it need not provide a remedy to every person allegedly aggrieved by a violation of the statute. *See Suber v. Ohio Medical Products, Inc.,* 811 S.W.2d 646, 650 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Martinez v. Harris County,* 808 S.W.2d 257, 261 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Filmstrips and Slides, Inc. v. Dallas Cent. Appraisal Dist.,* 806 S.W.2d 289, 291 (Tex.App.—Dallas 1991, no writ). "[W]here the sole object of a suit is for the benefit of the public at large and where no citizen is to be affected differently from all other citizens by the result of such suit, only a public officer authorized under the Constitution and laws of this state to protect public rights and interest can properly maintain such a suit." *Adkins v. Rawls,* 182 S.W.2d 509, 512 (Tex.Civ.App.—Waco 1944, no writ) (per curiam). The Texas Legislature has placed the duty of challenging

tax exemptions with the taxing units. *See* TEX.TAX CODE ANN. § 41.03 (Vernon 1992). The duty to enforce the Penal Code is placed with the county district attorney. *See Beck & Masten Pontiac–GMC, Inc. v. Harris County Appraisal District,* 830 S.W.2d 291 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Cook v. State,* 824 S.W.2d 334 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). If Scott has information concerning a violation of the Penal Code, he should take that information to the Tarrant County District Attorney. Should fraud be proven against the Hospital, the assessment would become void and the Appraisal District would be free to tax the full property value unencumbered by the voided exemption. *Beck & Masten,* 830 S.W.2d at 295–96. Scott should also take his case to the taxing entity, who does have standing under the code to challenge exemptions. We hold that a private taxpayer does not have standing under the common law to challenge another taxpayer's exemption. Point of error three is overruled.

The judgment of the trial court is affirmed.