

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00287-CR

## IN RE RAYMOND JOSEPH JARAMILLO, RELATOR

### CONCURRING OPINION

November 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

I concur in the result reached by the majority but for different reasons.

First, relator invoked Chapter 64 of the Texas Code of Criminal Procedure as a means of having the trial court order a handwriting comparison. TEX. CODE CRIM. PROC. ANN. art. 64.01 *et seq.* (West 2018). The trial court denied appellant's motion, concluding that it lacked plenary jurisdiction over the subject matter of appellant's 2008 conviction. Irrespective of whether the basis for the trial court's order may be inaccurate, *see Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016) (noting that a trial court has continuing jurisdiction to entertain a Chapter 64 motion for DNA testing upon exhaustion of its general jurisdiction), appellant's motion was denied. That rendered it subject to review by appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 (stating that "[a]n appeal

under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person was convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal appeals"); *East v. State*, No. 07-17-00217-CR, 2019 Tex. App. LEXIS 3605, at *2 (Tex. App.—Amarillo May 3, 2019, no pet.) (mem. op., not designated for publication) (restricting appellate review only to a decision denying request for DNA testing and dismissing for want of jurisdiction issues unrelated to it). Relator failed to appeal it within the 30 or 90 days allotted to perfecting an appeal. *See* TEX. R. CIV. P. 26.2 (proscribing the time period within which to perfect an appeal from a final order). The appellate avenue having been available and bypassed by relator, he cannot now seek relief via a petition for writ of mandamus. *See Watson v. Robertson Cty. Appraisal Review Bd.*, 795 S.W.2d 307, 310 (Tex. App.—Waco 1990, no writ) (stating that "[w]here a party fails to pursue remedies provided by law that will provide full relief to which he may be entitled, he will not be aided by issuance of a writ of mandamus").

Second, and as acknowledged by the majority, the statute encompasses DNA analysis of biological material. TEX. CODE CRIM. PROC. ANN. art. 64.01(a)(1). One's handwriting is not biological material, as that term is defined in the statute. *See id.* (defining biological material as "blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing"). So, the relief ultimately sought by relator via Chapter 64 of the Code of Criminal Procedure would be unavailable to him, and that precludes me from voting to grant his petition for writ of mandamus. *Manion v. Lockhart*, 131 Tex. 175, 180, 114 S.W.2d 216, 219 (Tex. 1938) (orig. proceeding) (stating that a writ of mandamus

will not issue to compel a respondent to do something when issuance of the writ would be fruitless); *Ellis v. Hanks*, 478 S.W.2d 172, 176 (Tex. Civ. App.—Dallas 1972, writ ref'd. n.r.e.) (stating that mandamus will not issue where issuance of the writ would be fruitless).

For the foregoing reasons, I concur in the result of the majority.


Brian Quinn
Chief Justice


Do not publish.